CLAUD J. CARTER V. A. A. GRAY ET AL.

No. 6375.   Decided April 24 1935.
Rehearing overruled May 22, 1935.
(81 S. W., 2d Series, 647.)

*Harry L. Carter,* of Tyler, and *C. W. Anderson* and *Claud J. Carter, Jr.,* of San Antonio, for plaintiff in error.

On question of jurisdiction:   George v. Ryan, 94 Texas, 317, 60 S. W., 428; Ablowich v. Greenville Natl. Bank, 95 Texas, 429, 67 S. W., 881; Gossett v. Manley, 43 S. W. (2d) 622.

*A. H. Lumpkin,* of San Antonio, for defendants in error.

On question of jurisdiction cited:   Jordan v. Massey, 134 S. W., 804; Bennett v. Rose, 278 S. W., 314; Threadgill v. Federal Land Bank of Houston, 26 S. W. (2d) 345 (Writ of error dismissed).

MR. JUDGE GERMAN delivered the opinion of Commission of Appeals, Section A.

Defendant in error, A. A. Gray, instituted this suit in the County Court of Bexar County against the plaintiff in error, Claud J. Carter and Ben H. Kelly, upon a vendor's lien note in the sum of $420.00, which bore certain credits, the balance due at the time of filing the petition being the sum of $278.60.   The sole question for decision here is whether or not the County

Court had jurisdiction of the cause. Plaintiff in error Carter filed a plea to the jurisdiction of the court on the ground that the note sued on was a vendor's lien note, showing on its face that it was given in part payment of the purchase price of certain property situated in the City of San Antonio, a vendor's lien being retained in the conveyance, and that the district court had exclusive jurisdiction.

The trial court overruled the plea and judgment was rendered in favor of defendant in error. This judgment was affirmed by the Court of Civil Appeals. 52 S. W. (2d) 91.

In oral argument counsel for plaintiff in error admitted that defendant in error had a right to elect to sue only for a personal judgment on the note, and not for foreclosure of the lien, and that if his pleading was construed as being on action for a personal judgment only the County Court had jurisdiction. It becomes necessary therefore to set out the pertinent portions of the petition and determine what cause of action was pleaded.

The first paragraph of the petition alleged that on March 23, 1928, defendant Claud J. Carter executed and delivered to Ben H. Kelly his promissory note in the sum of $420.00, payable to the order of Ben H. Kelly, with certain provisions with reference to interest and attorney's fees, and then proceeded to allege: "Said note being in word and figures substantially as follows." There then followed a verbatim reproduction of the note, which after its formal portions contained the following:

"This note is given in full payment for a certain Lot or parcel of land situated in Bexar County, Texas, being Lot No. 14, block No. 15, N. C. B. No. 3420, Palm Heights Addition, to the City of San Antonio, located at 302 Jennings Ave., this day conveyed to Claud J. Carter by Ben H. Kelly and to secure the payment hereof, according to the tenor hereof, a vendor's lien is retained in said conveyance."

In paragraph 2 of the petition it is alleged that on April 28, 1928, Kelly endorsed and delivered to plaintiff said note in due course of trade and transferred same to him for a valuable consideration, and plaintiff was the owner and holder of same. The third paragraph contains the usual allegations to the effect that defendant Carter became bound and liable by said note to pay the amount of same together with interest and attorney's fees. In paragraph 4 of the petition is an allegation to the effect that the defendant Kelly by endorsement warranted the payment of the note, and judgment was sought against him on said warrant. In paragraph 5 are the usual allegations to

the effect that the note is due and payable, except as to certain credits, that demand has been made for the payment of same, and that the balance due thereon is the sum of $278.60. In the sixth paragraph are the usual allegations to the effect that the note has been placed in the hands of an attorney and that the attorney fees provided for therein are due and payable.

The prayer is as follows:

"Wherefore, plaintiff prays that defendants be cited to appear and answer this petition and that upon a hearing hereof he have judgment for the amount of his debt, principal, interest and attorney's fees; for costs of court and for such other and further relief to which he may be entitled, either in law or in equity."

The substance of plaintiff in error's contention is this: That because the petition copied the note, which on its face showed to be a vendor's lien note, and the prayer was for "such other and further reilef to which he may be entitled, either in law or in equity," the suit was in fact one for foreclosure of a vendor's lien, and not one merely for a personal judgment.

1,2 It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien or severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien. Kempner v. Comer, 73 Texas, 202; Jordan v. Massey, 134 S. W., 802. This being true, where, as here, the petition on its face clearly shows an intention to elect to sue only for the debt, and not to involve the lien, no technical construction of the pleading should be invoked to defeat such intention. Taking the petition as a whole there is found no allegations in it as to the existence of the lien at the time of the filing of the petition, or as to its enforceability, or any purpose or desire to enforce it. The only reference to a lien is in the copy of the note. This is manifestly no part of the substantive allegations of the petition, but is merely the formal method of more fully identifying the note. It is elementary that if the execution of the note and its substantial terms and provisions had not been otherwise specially pleaded, the mere incorporation of a copy of the note in the pleading would not have been sufficient. In this instance the note was not attached and was not referred to and made a part of the petition, and if it had been, under the "Rules for the District and County Courts" this would not have been sufficient. Rule 19 is in part as follows:

"Notes, accounts, bonds, mortgages, records, and all other

written instruments, constituting in whole or in part, the cause of action sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached and referred to as such, in aid and explanation of the allegations in the petition or answer made in reference to said instruments, but will not thereby relieve the pleader from making the proper allegations of which said exhibits may be the evidence, in whole or in part."

The presence of the prayer for general relief did not enlarge the affirmative substantive allegations of the petition, and must be construed as having reference to the specific relief which the particular facts alleged authorize.

The precise question here involved was decided in the case of Jordan v. Massey, 134 S. W., 804, in a well considered opinion, and in view of that opinion and what has been said above it is not necessary to discuss the question further.

We have examined the cases relied upon by plaintiff in error and find that they may easily be distinguished from this case.

It is our conclusion that the County Court had jurisdiction, and as this is the only question here involved, the application for writ of error is dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court April 24, 1935.

Rehearing overruled May 22, 1935.