# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00644-CV

**Kevin Bierwirth, Appellant**

**v.**

**BAC Home Loans Servicing, L.P., Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-10-003239, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a bench trial on an attempted real-estate foreclosure, Kevin Bierwirth challenges the district court's take-nothing judgment on his declaratory-judgment claim and the court's award of declaratory judgment to BAC Home Loans Servicing L.P. establishing its right to foreclose. In three issues, Bierwirth contends that the district court erred in declaring that BAC had the right to pursue nonjudicial foreclosure after his default on a promissory note because the assignment of the note to BAC was not valid and because BAC was not a "holder in due course." Because we conclude that BAC's evidence established its right to foreclose, we will affirm the district court's judgment.

## BACKGROUND

Kevin Bierwirth purchased the real property and improvements at 13212 Running Doe Lane in Cedar Park, Texas by borrowing $170,000 from Countrywide Home Loans, Inc.[1] Bierwirth agreed to repay his loan by executing a promissory note, and he secured the note by executing a deed of trust. Bierwirth's note and deed of trust were recorded in the Travis County real property records. Both instruments identified Countrywide Home Loans, Inc. as the "Lender." The deed of trust identified Mortgage Electronic Registration Systems (MERS)—the nominee for the Lender (Countrywide Home Loans) and its successors and assigns—as beneficiary.[2] Bierwirth's deed of trust specified that MERS had the right to exercise any or all of the interests that Bierwirth granted in the deed of trust, including the right to foreclose and sell the property and to take any of the Lender's required actions. MERS subsequently assigned Bierwirth's note and deed of trust to BAC Home Loans Servicing and recorded the assignment in the Travis County real property records. The assignment identified MERS ("as nominee for Lender and Lender[']s successors and assigns") as the assignor and BAC Home Loans Servicing L.P. ("formerly known as Countrywide Home Loans

---

[1] BAC makes the uncontroverted assertion that Bierwirth is a real-estate investor who purchases property, leases it, and "cash flows" the property without paying the mortgage. Bierwirth has a history of real-estate foreclosure and forcible-detainer litigation. *See, e.g.*, *In re Bierwirth*, No. 03-12-00488-CV, 2012 Tex. App. LEXIS 6205 (Tex. App.—Austin July 26, 2012, orig. proceeding) (mem. op.); *Bierwirth v. TIB-The Indep. BankersBank*, No. 03-11-00336-CV, 2012 Tex. App. LEXIS 6681 (Tex. App.—Austin Aug. 10, 2012, no pet. h.) (mem. op.); *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00271-CV; *see also Bierwirth v. Mortgage Elec. Registration Sys.*, No. 1:2011cv00758 (W.D. Tex.); *Bierwirth v. Bank of Am., N.A.*, No. 1:2012cv00112 (W.D. Tex.).

[2] The MERS system is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009); *see also Campbell v. Mortgage Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *13 (Tex. App.—Austin May 18, 2012, pet. filed) (mem. op.).

Servicing LP") as the assignee. *See Warren v. Bank of Am.*, No. 3:11-CV-3603-M, 2012 U.S. Dist. LEXIS 102561, at *2-3 (N.D. Tex. June 19, 2012) (addressing analogous facts).[3]

Bierwirth defaulted on his loan by failing to make the required payments, then BAC initiated nonjudicial foreclosure proceedings under the terms of the deed of trust and in compliance with the property code. *See* Tex. Prop. Code Ann. § 51.002 (West Supp. 2012) (authorizing sale of real property after default under powers granted in deed of trust);[4] *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ) (defining "deed of trust" as mortgage with power to sell on default). Bierwirth responded by filing a "declaratory judg[]ment for verification of debt," challenging BAC's right to foreclose. He obtained a temporary injunction halting the foreclosure, and the case was set for trial. After the district court denied Bierwirth's second motion for continuance, the trial proceeded.

Acting pro se at trial, Bierwirth alleged that MERS lacked legal authority to assign the note, that the assignment from MERS to BAC "bifurcate[d]" the note from the deed of trust, "causing the deed of trust to be null and void," and that BAC was not a holder in due course with a right to foreclose.[5] Bierwirth also argued that his "being behind on payment [wa]s irrelevant."

---

[3] Federal authority is persuasive here because a great amount of home-mortgage litigation in Texas is tried in its federal courts, applying Texas foreclosure law. *See Robeson v. Mortgage Elec. Registration Sys.*, No. 02-10-00227-CV, 2012 Tex. App. LEXIS 137, at *12 n.4 (Tex. App.—Fort Worth Jan. 5, 2012, no pet.) (mem. op.).

[4] Because recent amendments to the property code did not change the substance of the statutes relevant to this appeal, we cite to their current version.

[5] Bierwirth obtained counsel for this appeal.

BAC's evidence admitted at trial included:

- the original "wet-ink" note, memorializing Bierwirth's promise to repay $170,000 plus interest to Countrywide Home Loans, Inc. in return for the loan that Bierwirth received and containing Bierwirth's acknowledgment that Countrywide may transfer it;

- the deed of trust between Countrywide and Bierwirth, containing the right of foreclosure;

- the assignment of the note and deed of trust by Countrywide's nominee MERS (acting on behalf of Countrywide and its successors or assigns) to BAC;

- BAC's notice to Bierwirth that his loan was in "serious default because the required payments ha[d] not been made";

- BAC's notice to Bierwirth of acceleration of the maturity of the debt; and

- BAC's notice to Bierwirth of the substitute trustee sale.

At the conclusion of the bench trial, the district court signed a final judgment ruling that BAC was the holder of the note, the beneficiary under the deed of trust, and entitled to pursue nonjudicial foreclosure. The court filed findings of fact and conclusions of law in support of its judgment, and this appeal followed.

**ANALYSIS**

Bierwirth's appellate issues challenge the legal sufficiency of the evidence supporting the judgment. He argues specifically that there was no evidence demonstrating the validity of the assignment of the note from MERS to BAC nor was there any evidence that BAC was a "holder in due course" of the note.

4

In an appeal from a judgment rendered after a bench trial, the trial court's findings of fact serve the same function as the jury's verdict. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Davis v. Johnston*, No. 03-10-00712-CV, 2012 Tex. App. LEXIS 5249, at *36 (Tex. App.—Austin June 28, 2012, no pet. h.) (mem. op.). When conducting a legal-sufficiency review, we determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review by considering the evidence in the light most favorable to the judgment, "crediting favorable evidence if reasonable jurors could, disregarding contrary evidence unless reasonable jurors could not," and indulging every reasonable inference that would support the district court's findings. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). Evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence prevent giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) there is conclusive evidence of the opposite of the vital fact. *Id.* at 810; *see Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), but "less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In this case, Bierwirth contends only that the evidence is legally insufficient to prove the validity of BAC's assignment from MERS and that BAC was a holder in due course of the note.

In his first issue, Bierwirth contends that MERS lacked legal authority to assign the note because MERS was identified only in the deed of trust.[6] The deed of trust that undisputedly identifies MERS as "the beneficiary under this Security Instrument" and "nominee for Lender" also sets forth the parties' agreement granting MERS all of the Lender's rights under the deed of trust:

> Borrower [Bierwirth] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with the law or custom, MERS (as nominee for Lender [Countrywide Home Loans, Inc.] and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender. . . .

In Bierwirth's view, the provisions in his deed of trust are meaningless because the assignment by MERS to BAC of a note that did not identify MERS and a deed of trust that did identify MERS resulted in "bifurcation" of the note from the deed of trust, nullifying both instruments.

This bifurcation theory originates in the concept that a note has no separate existence from its security, and an assignment of the security alone is a nullity. *See McCarthy v. Bank of Am., N.A.*, No. 4:11-CV-356-A, 2011 U.S. Dist. LEXIS 147685, at *8 (N.D. Tex. Dec. 22, 2011). Under this theory, the holder of the deed of trust must also own or hold the note, otherwise the deed of trust is ineffective and cannot be used to foreclose on the property described in the deed of trust. *Id*. at *8-9. This theory—which became known as "show-me-the-note"—began circulating in American courts in 2009. *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS 87567, at *7 (W.D. Tex. July 25, 2011) (citing *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-

---

[6] Although Bierwirth does not state so specifically, his first issue appears to challenge the district court's finding that "[t]he Note and Deed of Trust were subsequently assigned to BAC Home Loans Servicing, LP pursuant to an Assignment effective August 16, 2010 and recorded as Document No. 2010144375 in the real property records of Travis County, Texas."

CA-00350, 2011 U.S. Dist. LEXIS 61529, at *4-5 (W.D. Tex. Apr. 26, 2011); *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 Tex. App. LEXIS 3857, at *9 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.). Since then, courts have "roundly rejected" the "show-me-the-note" theory and dismissed claims relying upon it because "foreclosure statutes simply do not require possession or production of the original note." *Reardean*, 2011 U.S. Dist. LEXIS 87567, at *7; *Hornbuckle*, 2011 Tex. App. LEXIS 3857, at *9.[7]

Similarly, this Court rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations—the note against the borrower and the lien against the real property. *See Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied). For this reason, a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note. *See id.*; *see also Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *16-19 (W.D. Tex. May 15, 2012) (rejecting *McCarthy*'s requirement that holder of deed of trust must also own or hold note to be entitled to foreclose and recognizing that "authority to conduct a foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than the associated

---

[7] Texas federal courts have rejected use of the "bifurcation" theory as an attempt to invalidate MERS's assignment of foreclosure rights in a deed of trust. *See, e.g.*, *Odum v. Mortgage Elec. Registration Sys.*, No.4:12-cv-959, 2012 U.S. Dist. LEXIS 86893, at *5-9 (S.D. Tex. June 22, 2012); *Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *16-19 (W.D. Tex. May 15, 2012); *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS 87567, at *7-9 (W.D. Tex. July 25, 2011); *Allen v. Chase Home Fin., LLC*, No. 4:11-CV-223, 2011 U.S. Dist. LEXIS 74340, at * 6-11 (E.D. Tex. June 10, 2011); *DeFrancheschi v. Wells Fargo Bank, N.A.*, 837 F. Supp.2d 616, 623 (N.D. Tex. 2011).

note") (citing *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935); *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied)). As one court recently explained:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. Foreclosure is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. . . . Texas courts have refused to conflate foreclosure with enforcement of a promissory note.

*Reardean*, 2011 U.S. Dist. LEXIS 87567, at *7-8 (internal citations omitted).

Further, Bierwirth's assertion that the assignment from MERS to BAC resulted in "bifurcation" between the note and the deed of trust is contrary to the Restatement (Third) of Property, which provides that, with certain exceptions inapplicable here, "a transfer of a mortgage also transfers the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) § 5.4(b) & cmt. b (1997) (noting that "ownership of a contractual obligation can generally be transferred by a document of assignment"); *Kramer*, 2012 U.S. Dist. LEXIS 105878, at *14-15 (noting that there is "substantial authority" for principle that transfer of deed of trust likewise transfers note). Although Bierwirth's note containing the express right to transfer did not identify MERS, Bierwirth's deed of trust did identify MERS, and because the note and deed of trust must be read together when evaluating their provisions, MERS had the authority to assign the note and the deed of trust. *See Warren*, 2012 U.S. Dist. LEXIS 102561, at *12-13; *Kramer*, 2012 U.S. Dist. LEXIS 105878, at *14-15; *Helms v. Mortgage Elec. Registration Sys.*, No. H-11-3298, 2012 U.S. Dist. LEXIS 2034, at *6-7 (S.D. Tex. Jan. 9, 2012).

8

Here, under the express terms of Bierwirth's deed of trust, MERS—acting on behalf of the Lender (Countrywide) and its successors and assigns—had authority to exercise any or all of the Lender's rights, "including but not limited to, the right to foreclose and sell the property." The Lender's rights include the right of assignment, as stated in the provisions of the note, which is read with the deed of trust. Bierwirth's assertion that there was legally insufficient evidence demonstrating the validity of the assignment of the note from MERS to BAC is not supported by this record. Thus, we overrule Bierwirth's first issue.

**Holder-in-due-course arguments**

In his second and third issues, Bierwirth contends that there was no evidence that BAC was a "holder in due course" of the note because the note was in default before the assignment from MERS, and BAC could have no right to foreclose on a note secured by property without holder-in-due-course status.[8] However, as stated in our discussion of Bierwirth's first issue, Texas law does not require that one be a holder of the note and the deed of trust to be entitled to foreclose, much less a holder-in-due-course of the note. *See, e.g.*, *Carter*, 81 S.W.2d at 648 ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may

---

[8] Although Bierwirth does not state so specifically, his second and third issues appear to challenge two of the district court's legal conclusions drawn from the facts in the record:

(1) "Defendant BAC Home Loans Servicing, LP is the correct holder of the Promissory Note"; and

(2) "Defendant BAC Home Loans Servicing, LP became the holder of the Promissory Note and beneficiary of the Deed of Trust by way of an Assignment, which was effective as of August 16, 2010 and recorded as Document No. 2010144375 in the real property records of Travis County, Texas."

elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien."); *Stephens*, 316 S.W.3d at 747 ("When a debt is memorialized by a note that is secured by a lien, the note and lien constitute separate obligations.") (citing *Aguero*, 70 S.W.3d at 374); *see also Kramer*, 2012 U.S. Dist. LEXIS 105878, at *17-19 (recognizing that "authority to conduct a foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than the associated note"). BAC seeks to enforce its remedy, i.e., nonjudicial foreclosure, under Bierwirth's deed of trust, not the note.

Bierwirth's assertion that an entity must own or hold a promissory note to conduct a foreclosure under the associated deed of trust runs afoul of the property code provisions governing foreclosure under a deed of trust. *See* Tex. Prop. Code Ann. §§ 51.0001(4), .002 (West Supp. 2012); *Kramer*, 2012 U.S. Dist. LEXIS 105878, at *17-18. Chapter 51.002 of the property code authorizes a mortgagee to sell real property under a "power of sale conferred by a deed of trust." Tex. Prop. Code Ann. § 51.002; *see* 15 W. Mike Baggett, *Texas Practice Series*: Texas Foreclosure: Law & Practice § 2.02 (2002). The statutory definition of a "mortgagee" who is authorized to foreclose includes:

- the grantee, beneficiary, owner, or holder of a security instrument; and
- a book entry system that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns.

*See* Tex. Prop. Code Ann. §§ 51.0001(1), (4); *Kramer*, 2012 U.S. Dist. LEXIS 105878, at *18. Nothing in these statutory references to foreclosure under a deed of trust mentions any requirement about the associated promissory note. *Kramer*, 2012 U.S. Dist. LEXIS 105878, at *18.

10

Because the deed of trust identifies MERS as the beneficiary and the nominee for the Lender (Countrywide) and its successors and assigns, MERS was a "mortgagee" as defined in the property code. *See Allen v. Chase Home Fin.*, *LLC*, No. 4:11-CV-223, 2011 U.S. Dist. LEXIS 74340, at * 7-9 (E.D. Tex. June 10, 2011). When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender, Countrywide), including the "right to foreclose and sell the Property." *See Campbell v. Mortgage Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *15 (Tex. App.—Austin May 18, 2012, pet. filed) (mem. op.) (citing *Athey v. Mortgage Elec. Registration Sys.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied)). Bierwirth's deed of trust provided for the use of MERS and those provisions are enforceable to the extent of the terms set forth in the documents. *See id.* Stated differently, "where, as here, a deed of trust expressly grants MERS the power of sale, then MERS has that power." *Id.* (citing *Athey*, 314 S.W.3d at 166); *see also Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 U.S. Dist. LEXIS 24620, at *17 (E.D. Tex. Feb. 3, 2012) (noting that as "mortgagee" under property code, MERS could authorize BAC to foreclose "regardless of whether MERS was the true owner of the Note").

Finally, even if we were persuaded that BAC's right to foreclose hinged on establishing itself as a holder of Bierwirth's note, it made that showing below. A "holder" is defined in the Texas Business and Commerce Code as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com. Code Ann. § 1.201(b)(21)(A) (West 2009). Apparently out of an abundance of caution, BAC introduced into evidence Bierwirth's original note that was endorsed in blank. An instrument containing a blank endorsement is payable to the bearer and may be negotiated by transfer of

11

possession alone. *See id.* § 3.205 (West 2002). Accordingly, in addition to BAC being a statutory "mortgagee" authorized to conduct foreclosure under chapter 51 of the property code (after the assignment from MERS), BAC was also the "holder" of Bierwirth's note because it was in possession of the note, a negotiable instrument that was endorsed payable to its bearer.

Based on this record, we conclude that there was sufficient evidence supporting the district court's determinations that BAC was the holder of the note, that BAC was the beneficiary under the deed of trust, and that BAC was entitled to pursue nonjudicial foreclosure under the terms of the deed of trust and section 51.002 of the property code. Thus, we overrule Bierwirth's second and third issues.

## CONCLUSION

Having overruled Bierwirth's three issues, we affirm the district court's judgment declaring that BAC was the holder of the note, that BAC was the beneficiary under the deed of trust, and that BAC was entitled to pursue nonjudicial foreclosure under the terms of the deed of trust and section 51.002 of the property code.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 30, 2012

12