

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00317-CV

TOMMY LEAGUE, JR. AND
DENISE M. LEAGUE

APPELLANTS

V.

AMERICAN HOME MORTGAGE
SERVICING INC.; CODILIS &
STAWIARSKI; AND HSBC BANK
USA, NATIONAL ASSOCIATION AS
TRUSTEE FOR SG MORTGAGE
SECURITIES TRUST 2005-OPT1
ASSET BACKED CERTIFICATES,
SERIES 2005-OPT1

APPELLEES

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Tommy League Jr. and Denise M. League appeal the trial

court's orders granting summary judgment in favor of appellees American Home

---

[1]*See* Tex. R. App. P. 47.4.

Mortgage Servicing, Inc. (American Home), Codilis & Stawiarski, and HSBC Bank USA, National Association as Trustee for SG Mortgage Securities Trust 2005-OPT1 Asset Backed Certificates, Series 2005-OPT1 (HSBC). We affirm in part and reverse and remand in part.

## Background Facts

In July 2005, the Leagues executed an adjustable rate note, secured by a deed of trust for the property located at 2220 Archer Trail, Denton, Texas. HSBC is the successor-in-interest under the note and deed of trust. American Home is the loan servicer for HSBC.

The Leagues defaulted on their loan, and American Home and HSBC foreclosed on the property on February 1, 2011. HSBC purchased the home at the foreclosure sale. On March 24, 2011, the Leagues filed suit against American Home, HSBC, and Codilis & Stawiarski (counsel for American Home) alleging wrongful foreclosure, violations of the Texas Debt Collection Act (TDCA), and violations of the Deceptive Trade Practices Act (DTPA). The Leagues sought a declaratory judgment, economic and punitive damages, and a temporary restraining order.

HSBC did not file an answer until February 1, 2012.[2] That same day, American Home and HSBC filed a hybrid traditional and no-evidence motion for summary judgment. On February 16, 2012, Codilis & Stawiarski filed a motion

---

[2]Both American Home and Codilis & Stawiarski answered in April, 2011. HSBC was never served.

2

for summary judgment and joined in American Home and HSBC's hybrid motion for summary judgment. The Leagues filed a response on March 9, 2012, to which American Home and HSBC objected as untimely. The trial court granted American Home and HSBC's motion for summary judgment on April 17, 2012, and on May 4, 2012, it granted Codilis & Stawiarski's motion. This appeal followed.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden,

3

then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

## Discussion

### I. Discovery

In what we construe as their first issue, the Leagues argue that they did not have an adequate amount of time to conduct discovery. They note that American Home and HSBC entered into an agreed scheduling order with the Leagues that set the discovery deadline months after they filed their motion for summary judgment and set it for submission. They also argue that they could not serve HSBC and that by answering and filing its motion for summary judgment on the same day, HSBC deprived them of the opportunity to conduct discovery. The Leagues do not make any argument in this issue as to Codilis & Stawiarski.

We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *Brewer & Pritchard, P.C. v. Johnson,* 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A party may move for traditional summary judgment "at any time after the adverse party has appeared or answered" and for no-evidence summary judgment "[a]fter adequate time for discovery." Tex. R. Civ. P. 166a(a), (i). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified

4

motion for continuance. *See* Tex. R. Civ. P. 166a(g), 251, 252; *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996);[3] *Groomer v. Tex. Dep't of Family & Protective Servs.*, No. 02-09-00027-CV, 2009 WL 1905129, at *1 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op.).

American Home and HSBC filed their motion for summary judgment on February 1, 2012. On February 10, 2012, they filed a notice of submission, submitting the motion to the court on March 9, 2012 "without the necessity of a hearing." The submission date was beyond the twenty-one day period required under the rules of civil procedure. *See* Tex. R. Civ. P. 166a(c) (requiring at least twenty-one days from the filing of the motion before the hearing on the motion). The Leagues had ample time to file either an affidavit or a verified motion for continuance but they did neither. *See* Tex. R. Civ. P. 166a(i). We therefore overrule their first issue. *See Groomer*, 2009 WL 1905129, at *1; *see also Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2009, pet. denied) (overruling argument that the defendants' motion for no-evidence summary judgment was premature because the discovery period was not over and noting "Rule 166a(i) begins with the

---

[3]But see *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009) (stating that *Tenneco* applies in those cases when facts were "sufficiently developed"). At the time that the motion was submitted to the trial court, this case had been pending for eleven months. The appellees claim that throughout those eleven months, the Leagues never sought discovery.

phrase[] '[a]fter adequate time for discovery' not 'after a pretrial scheduling order's discovery period has concluded'").

## II. Legal Sufficiency

In what we construe as their second issue, the Leagues claim that the evidence supporting summary judgment is legally insufficient.[4]

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable

---

[4]As noted above, American Home and HSBC filed a hybrid motion for summary judgment on traditional and no-evidence grounds and Codilis & Stawiarski filed a separate no-evidence motion and joined in American Home and HSBC's motion. In their brief, the Leagues refer to American Home and HSBC's motion as a "No Evidence Motion for Summary Judgment" and to Codilis & Stawiarski's motion as a "Hybrid No Evidence Motion for Summary Judgment." American Home and HSBC argue that the Leagues do not challenge the portion of the motion for summary judgment that seeks traditional summary judgment. However, the Leagues arguably address all their causes of action in their brief on appeal and thus we consider their references to the "No Evidence Motion for Summary Judgment" as a misnomer. *See* Tex. R. App. P. 38.9 (obliging us to liberally construe briefs).

6

factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

## A. The Leagues' response to the motions for summary judgment

The Leagues ask us to accept their untimely response to the appellees' motions for summary judgment.[5] American Home and HSBC set their motion for summary judgment for submission for March 9, 2012. The Leagues were required to file their response at least seven days before the hearing but they did not file their response until the day of the hearing. *See* Tex. R. Civ. P. 166a(c). If a nonmovant files a late response to the summary judgment motion, he must get permission from the court in writing; otherwise, the response will not be before the court. *See id.*; *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

The Leagues argue that *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939), should apply to excuse their late filing. In *Carpenter v.*

---

[5]The trial court's orders granting summary judgment state that the trial court considered "any Response and argument of counsel" and "all responses and replies." However, the record must affirmatively show that the trial court accepted the late-filed response. If nothing in the record indicates that leave was obtained for the late filing, we presume that the trial court did not consider the response or evidence. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Bryant*, 686 S.W.2d at 615; *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ). The language in the orders is not an indication that the trial court accepted the late-filed response.

7

*Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), the supreme court held that *Craddock* does not apply to motions for leave to file a late summary-judgment response. Instead, the nonmovant must establish "good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of an accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id.* at 688. However, the first prong under both *Craddock* and *Carpenter* are the same.

Here, the Leagues claim that their delay was "an accident based on miscalculation of the date." But they did not provide any facts to support their conclusory allegation. *See Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.—Fort Worth 2004, pet. denied) (noting that under *Craddock* it is the defaulting party's burden to support its claim of accident or mistake with evidence, such as affidavits, and that conclusory allegations are insufficient). The Leagues attached no affidavits to their motion for new trial or otherwise explained what date they miscalculated or how. *See Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that unverified factual allegations do not satisfy the first prong of *Craddock*). Further, although they claim that the appellees "have not shown [that] they would suffer harm," American Home and HSBC objected to the Leagues' late response because the Leagues filed their response the day of the hearing, which "did not allow American Home and HSBC[] adequate time to review the evidence and

8

argument." The Leagues failed to meet the *Carpenter* test. Because they did not seek permission to file their late response, and because they did not provide evidence of an excuse for their delayed filing, the Leagues' response was not before the trial court and is not now before us. *See* Tex. R. Civ. P. 166a(c); *INA of Texas*, 686 S.W.2d at 615.

## B. The Leagues' causes of action

### 1. Wrongful foreclosure

The appellees moved for traditional summary judgment on the Leagues' wrongful foreclosure claim. To prove their claim, the Leagues must demonstrate that there was a defect in the foreclosure sale proceedings and a causal connection between the defect and a grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). The Leagues alleged that there was a defect in the foreclosure proceedings because they had an active loan modification application pending and because they had submitted a $950 payment less than three months prior to the foreclosure.

In their motion for summary judgment, the appellees argue that they sent proper notice of default and denied that there was a pending loan modification review at the time of the foreclosure. They also denied receiving a $950 payment and noted that $950 would have been insufficient to cure the $22,412.23 default. As evidence, they attached a "Customer Account Activity Statement" showing that no $950 payment had been received; an affidavit of

9

Cindi Ellis of American Home, stating that although American Home sent the Leagues a loan modification application, it never received the completed application; and the notices of acceleration and foreclosure that were sent to the Leagues. This evidence is sufficient to negate the Leagues' contention that there was a defect in the foreclosure process. The trial court therefore did not err by granting summary judgment on the Leagues' wrongful foreclosure claim.

### 2. TDCA

All the appellees moved for no-evidence summary judgment on the Leagues' TDCA claims on the ground that there was no evidence that they used threats or coercion in the course of collecting the debt owed under the note, that they used unfair or unconscionable means of collecting the debt, or that they used fraudulent, deceptive, or misleading representations to obtain information. *See* Tex. Fin. Code Ann. §§ 392.301, .303, .304 (West 2006).

Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *See* Tex. R. Civ. P. 166a(i); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Landers v. State Farm Lloyds,* 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("[f]ailure to respond to a no-evidence motion is fatal")); *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (noting that when a movant files a no-evidence motion for summary judgment in proper form, the burden shifts to the nonmovant

10

to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion). If a nonmovant wishes to assert that, based on the evidence in the record, a fact issues exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue before the trial court. *Imkie*, 326 S.W.3d at 343. Because the Leagues did not timely file a response, no response was before the trial court and it therefore did not err by granting summary judgment on the Leagues' TDCA claims.

### 3. Declaratory Judgment

American Home and HSBC moved for traditional summary judgment on the Leagues' declaratory judgment claim. In their petition, the Leagues asked the trial court to declare that American Home and HSBC's attempt to foreclose on the Leagues' property was an action to collect a debt. The Leagues alleged that American Home and HSBC were therefore required to produce the original note and requested a declaration to that effect. The Leagues also requested a declaration that American Home and HSBC "acted unconscionably towards" them and that American Home and HSBC's "conduct constitute[d] fraud, negligence[,] and intentional misrepresentation."

Foreclosure of a lien against real property under a deed of trust is different from an action against the borrower for collection on the note. *See Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935); *Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied). American Home and HSBC

11

were therefore not required to produce the original note. *See* Tex. Prop. Code. Ann. §§ 51.002, 51.0025 (West Supp. 2012) (governing foreclosures based on the deed of trust, not the note). American Home and HSBC attached to their motion for summary judgment the substitute trustee's deed. The trial court did not err by granting summary judgment on this part of the Leagues' declaratory judgment claim.

The Leagues also sought a declaration that American Home and HSBC had acted unconscionably and that their conduct constituted fraud, negligence, and intentional misrepresentation.[6] Their claims are based on the same facts giving rise to their TDCA causes of action. American Home and HSBC moved for summary judgment on the ground that "the factual allegations giving rise to Plaintiffs' claims for declaratory judgment are not true." They attached copies of letters sent to the Leagues and an affidavit stating that proper notices were sent to the Leagues and that no loan modification was pending at the time of foreclosure. The affidavit does not deny that American Home and HSBC acted unconscionably and fraudulently.

Mere denial of the facts alleged by the Leagues is insufficient to warrant summary judgment on the Leagues' declaratory judgment claim. American Home and HSBC's burden was to conclusively negate at least one essential element of the Leagues' cause of action. *Frost Nat'l Bank*, 315 S.W.3d at 508.

---

[6]The Leagues did not file a declaratory judgment claim against Codilis & Stawiarski.

12

Summary judgment is proper when parties do not dispute the relevant facts. *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *see G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011) ("The purpose of a summary judgment is to 'provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of [material] fact.'") (quoting *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962)).  In this case, the appellees challenged *only* the facts.  Because the movants did not establish their right to summary judgment as a matter of law, the trial court erred in granting summary judgment on the Leagues' claims for declaratory judgment that American Home and HSBC acted unconscionably and that their conduct constituted fraud, negligence, and intentional misrepresentation.[7]  We sustain that part of their first issue.

## 4. DTPA

American Home and HSBC moved for traditional summary judgment on the Leagues' DTPA claim on the sole ground that the Leagues were not consumers under the act.  In their second issue, the Leagues argue that they are properly considered consumers under the DTPA.

---

[7]Because American Home and HSBC moved for summary judgment only on the ground that "the factual allegations giving rise to Plaintiffs' claims for declaratory judgment are not true," we do not address whether the type of declaratory relief the Leagues seek is available.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 2008) (stating that the purpose of declaratory judgments is to "declare rights, status, and other legal relations"); *G & H Towing Co.*, 347 S.W.3d at 297 (noting that a court cannot grant summary judgment on grounds not presented in the motion).

In their motion for summary judgment, American Home and HSBC relied on *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 174–75 (Tex. 1980), for the proposition that a mortgage is not a good or service for purposes of the DTPA and therefore the Leagues were not consumers under the statute. *See* Tex. Bus. & Com. Code Ann. § 17.50 (West 2011) (allowing "[a] consumer" to maintain an action under the DTPA). The supreme court, however, has limited *Riverside* to situations in which the complaining party sought only to borrow money and specifically rejected its application to cases in which the consumers sought a loan to acquire a house. *See Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707–08 (Tex. 1983); *see also La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984) ("Under *. . . Flenniken,* a lender may be subject to a DTPA claim if the borrower's 'objective' is the purchase or lease of a good or service thereby qualifying the borrower as a consumer."); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, pet. denied). Thus, the ground upon which American Home and HSBC sought summary judgment on the Leagues' DTPA claim is legally insufficient, and the trial court erred in granting summary judgment on this claim in favor of American Home and HSBC. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). We sustain the Leagues' second issue as to American Home and HSBC.

Codilis & Stawiarski, however, moved for no-evidence summary judgment on the Leagues' DTPA claims on other grounds. It claimed that there was no evidence that the Leagues requested validation of the debt or that they did not receive the requested validation if they had. It also argued that because the Leagues' DTPA claims were based on the alleged violations of the TDCA, and because there was no evidence of any violations of the TDCA, there was no evidence of violations of the DTPA. Finally, it argued that failure to perform a contractual obligation does not constitute an actionable misrepresentation under the DTPA. *See Rocky Mountain Helicopters, Inc. v. Lubbock Cnty. Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex. 1998).

The Leagues do not present any argument on any of Codilis & Stawiarski's grounds. *See* Tex. R. App. P. 38.1(i) (requiring a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Leachman v. Dretke*, 261 S.W.3d 297, 305 n.2 (Tex. App.—Fort Worth 2008, no pet.) (noting that an issue may be waived due to inadequate briefing). Because the Leagues do not present any argument challenging these grounds, we overrule the Leagues' second issue in regard to the trial court's grant of summary judgment in favor of Codilis & Stawiarski on the Leagues' DTPA causes of action.[8] S*ee LeBlanc v. Riley*, No. 02–08–00234–CV, 2009 WL

---

[8]Even if the Leagues had challenged the grounds on which Codilis and Stawiarski sought summary judgment on the DTPA claims, because the Leagues did not timely file a response to the no-evidence motion for summary judgment,

15

885953, at *3 (Tex. App.—Fort Worth Apr. 2, 2009, no pet.) (mem. op.) (holding that a general issue broadly challenging a summary judgment is permissible but requiring an appellant to present argument and legal authority on appeal to preserve error on a particular cause of action on which the trial court granted summary judgment).

## III. Temporary Injunction

In their third issue, the Leagues request that we hold that the temporary injunction granted by the trial court is still in effect. In their petition, the Leagues sought a temporary injunction enjoining the appellees "from taking or selling in any fashion, or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb [the Leagues'] peaceable possession enjoyment of the property." Although not found in the record before us, no party disputes that the trial court issued a temporary injunction.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993)). Once the trial court renders a final judgment, the temporary injunction expires. *Indep. Am. Real Estate, Inc. v. Davis*, 735 S.W.2d 256, 261 (Tex. App.—Dallas 1987, no writ). The trial court's two orders granting summary

---

we would still be required to affirm the summary judgment on these claims. *See Imkie*, 326 S.W.3d at 343.

16

judgment in favor of the appellees disposed of all the issues and parties in this matter and thus, comprised a final judgment. Thus, the temporary injunction has expired and we cannot hold that it is still in effect. *See id.* ("The homeowners' argument that the temporary injunction is still in force is erroneous. We hold that the final judgment entered by the trial court superseded the temporary injunction, and that the temporary injunction is no longer in force.").

The Leagues request in the alternative that we issue a new temporary injunction pending another final ruling in the trial court. Extraordinary relief such as an injunction must be requested through an original proceeding. Tex. R. App. P. 52.1. The Leagues have not filed an original proceeding in this court, and we therefore overrule the Leagues' third issue and deny their request for a temporary injunction.

## Conclusion

Having sustained that portion of the Leagues' issues concerning summary judgment in favor of American Home and HSBC on the Leagues' declaratory judgment and DTPA claims, we reverse that portion of the trial court's order granting summary judgment. Having overruled the rest of the Leagues' issues on appeal, we affirm the remainder of the trial court's orders granting summary judgment in favor of American Home, HSBC, and Codilis & Stawiarski. We deny the Leagues' request for a temporary injunction, and we remand the case to the trial court for further proceedings consistent with this opinion.

17

LEE GABRIEL<br>
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  August 29, 2013