# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2013

Lyle W. Cayce
Clerk

No. 12-51039

LARRY R. WILEY; TINA N. WILEY,

Plaintiffs–Appellants,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for Soundview Home Loan Trust 2006-NCL1,
Asset Backed Certificates Series 2006-NC1;
OCWEN LOAN SERVICING LLC;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED;
MERSCORP INCORPORATED; CHANCE OLIVER;
JUANITA STRICKLAND; JANE MUCHA;
SOUNDVIEW HOME LOAN TRUST 2006-NLC1;
ANGEL REYES AND ASSOCIATES, P.C.,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 1:12-CV-303

No. 12-51039

Before SMITH, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Larry and Tina Wiley ceased repaying on their mortgage loan, and when the holder of the deed of trust attempted to effect a non-judicial foreclosure, the Wileys sued to prevent the sale. The district court opined that "[t]he Wileys do not deny that they are in default, nor do they allege any equitable basis why they should be allowed to keep their property without paying for it. Rather, they invite the Court to scrutinize and second-guess various assignments from assorted lenders and services, in hope some technical defect will render that change of assignment invalid." The district court therefore dismissed, and we affirm.

I.

The Wileys bought a property in 2002 with a purchase-money mortgage of $195,000. In 2006, after they had paid that loan off and the lien had been released, they took out a mortgage on a portion of the property for $215,100 with a note payable to First NLC Financial Services, LLC. The deed of trust accompanying the note named Mortgage Electronic Registration Systems, Inc. ("MERS"), the "beneficiary" of the security instrument and the "nominee for Lender and Lender's successors and assigns." On December 15, 2009, MERS assigned "all of the right, title, and interest owned or held" by First NLC "together with any and all notes and obligations" and the "debt respectively secured thereby" to Deutsche Bank retroactively effective to November 30, 2006. MERS created an allonge to the note assigning the note from First NLC to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51039

Deutsche Bank and stating that First NLC had no further interest in the note, again effective November 30, 2006. The transfer to Deutsche Bank was recorded with the county clerk on March 29, 2010.

The Wileys paid their installments to Ocwen, Deutsche Bank's loan servicer, until October 1, 2011, when they defaulted. They were notified of the default and the possibility of foreclosure on January 26, 2012, and, on February 10, they were served notice of the acceleration of the debt and the foreclosure sale to occur on March 6. The Wileys sued in state court to halt the foreclosure, then the action was removed. The Wileys claimed breach of contract, fraud, fraudulent lien, and negligence *per se*. After allowing the Wileys to amend their complaint, the district court granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.

Dismissal under Rule 12(b)(6) is reviewed "*de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1]

## III.

The Wileys claim that Deutsche Bank did not have authority to foreclose on their house because it possessed only the deed of trust and not the underlying

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See generally* 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1][b] (3d ed. 2012).

note.[2] That argument rests on the murky legal theory, and mortgage defaulters' *claim du jour*, known as the "split-the-note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–56 (5th Cir. 2013). The Wileys' contention, like that of many others before, is that the "transfer of [the] deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null. In order to foreclose, the theory goes, a party must hold both the note and the deed of trust." *Id.* at 254. The Wileys argue that MERS did not have the authority to transfer either the note or the deed of trust and that, even if it did validly transfer only the deed of trust, that transfer "split" it from the note and thus rendered it invalid.

Texas law, as stated both by statute and in the courts, including our precedent, debunks the Wileys' claim. Under the Texas Property Code, a mortgagee includes the "the grantee, beneficiary, owner, or holder of a security instrument" as well as a "book entry system." TEX. PROP. CODE § 51.0001(4). The Code defines a "book entry system" as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the

---

[2] One of the bases of the dismissal was that the Wileys do not have standing to challenge the assignment and transfer of the note and deed of trust to Deutsche Bank. As we held in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 12-50569, 722 F.3d 700, 2013 WL 3480207 (5th Cir. July 11, 2013), however, that is not the case.

Where a party challenges the validity of a transfer and the authority of the transferee to foreclose, it must have standing to bring that challenge; the result would otherwise be absurd that any party could fraudulently foreclose and the homeowner would have no recourse to challenge that foreclosure. *See Reinagel*, 722 F.3d at ___, 2013 WL 3480207, at *3. "Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend "'on any ground which renders the assignment void.'" *Id.* (quoting *Tri–Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). Although the district court's holding to the contrary was error, the dismissal was based primarily on the issue of authority to foreclose, not on lack of standing, and, moreover, "it is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citation omitted).

No. 12-51039

grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id.* § 51.0001(1).

MERS and its assigns were explicitly named as the beneficiaries of the deed of trust and the nominee for the original note holder. MERS is also a book entry system. It unquestionably qualifies as a mortgagee under Texas Law, and it may foreclose as the beneficiary of the deed of trust.

MERS may also transfer the deed of trust securing the underlying note. Texas courts have explained on multiple occasions that a note and a deed of trust constitute separate actions. "It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien." *Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (Comm'n App.1935, writ dism'd). Where a debt is "secured by a note, which is, in turn, secured by a lien, the note and lien constitute separate obligations." *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied). The duality of the lien and the note means that the beneficiary of the lien can be different from the holder of the note.

Although the lien is an "incident" to the debt, to the extent that the lien is extinguished by payment of the note, the Texas courts have "rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.). A deed of trust "gives the lender as well as the beneficiary the right to invoke the power of sale" even though it would not be possible for both to hold the note. *Robeson v. MERS*, No. 02-10-00227-CV, 2012 WL 42965, at *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied). If so authorized by the deed of trust, MERS or its assigns may

exercise its interests, including foreclosing on the property without being the holder of the note. *Id*. at *5.

Applying these same sources of Texas law, we held in *Martins* that "the 'split-the-note' theory is . . . inapplicable under Texas law where the foreclosing party is a [mortgagee] and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Martins*, 722 F.3d at 255. So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself. That is contemplated in the deed of trust and by the statute allowing mortgagees and mortgage servicers to foreclose. *See* TEX. PROP. CODE § 51.0025.

In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law. They therefore did not state a claim upon which relief can be granted, and the district court rightly dismissed the action under Rule (12)(b)(6).

Moreover, included in its assignment of the deed of trust on December 15 was an assignment of the note, and the accompanying allonge attached to the note transferring all interest in the note to Deutsche Bank; that transfer was notarized, filed, and recorded. The Wileys offer vague allegations of fraud, but they neither allege a fraudulent conveyance with the specificity required by Federal Rule of Civil Procedure 9 nor suggest that the recorded documents are forged.[3]    They merely assert that there was some lack of clarity and

---

[3] The Wileys make opaque allegations that the MERS vice-president who signed the transfer documents was only "allegedly" a vice-president and that somehow the transfer was improperly made by a non-MERS officer. As we explained in *Reinagel*, 722 F.3d at ___, 2013 WL 3480207, at *4, "the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded
(continued...)

No. 12-51039

suspiciousness, given that the document was signed in 2009 but was stated to be retroactive to 2006. Those imprecise and unsupported allegations are not enough to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678.[4]

The Wileys' claims are unsupported by Texas law, and the judgment of dismissal is AFFIRMED.

---

[3] (...continued)
principal." The signer's "alleged lack of authority, even accepted as true, does not furnish the [Wileys] with a basis to challenge the [ ] assignment." *Id.*

[4] As noted in the order of dismissal, the other allegations are based on the since-abandoned contention that the 2006 lien was released or are premised on vague allegations of fraud that do not comply with Rule 9. Because those challenges are premised on the faulty split-the-note theory, they were properly dismissed.