# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00097-CV

**Maurice Stephens a/k/a Maurice Wayne Stephens, Individually and as Testamentary Trustee u/w/o Jess M. Stephens, Deceased, and as Trustee of the Jess M. Stephens and Alice Abernathy Stephens Irrevocable Trust; and Lisa Price, Appellants**

v.

**LPP Mortgage, Ltd., Appellee**

## FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT NO. DAC-07-03883, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## O P I N I O N

This is a case involving judicial foreclosure of a lien on real estate. Appellee LPP Mortgage, Ltd., the lienholder under the terms of a deed of trust securing payment of a promissory note, filed this suit to foreclose its lien on the real property securing the debt. LPP Mortgage filed this suit after first securing a judgment on the debt in a separate, previously filed suit and unsuccessfully attempting to collect on that judgment. Appellants—Maurice Stephens a/k/a Maurice Wayne Stephens, individually and as testamentary trustee u/w/o Jess M. Stephens, deceased, and as trustee of the Jess M. Stephens and Alice Abernathy Stephens Irrevocable Trust, and Lisa Price—owned the property at issue and challenge LPP Mortgage's ability to foreclose its lien in this manner. The district court entered judgment in favor of LPP Mortgage.

Appellants assert that LPP Mortgage's suit is barred by res judicata and waiver, based on the prior lawsuit in which LPP Mortgage sued on the note, but did not pursue foreclosure of its lien either judicially or non-judicially. The previous lawsuit culminated in a judgment in LPP Mortgage's favor on the debt. We hold that LPP Mortgage's current suit to foreclose its lien is not barred by res judicata or waiver. The judgment on the note has not been satisfied, and the recovery of a judgment on a note secured by a lien does not preclude foreclosure on the lien in a subsequent suit instituted for that purpose. Appellants also assert that LPP Mortgage's suit is barred by limitations, based on the application of the Texas statute of limitations applicable to debts. However, LPP Mortgage obtained the note and deed of trust via transfer from the U.S. Small Business Administration (the "SBA"), a federal agency. The deed of trust contains express contractual provisions establishing the choice of federal law relating to limitations. We hold that, based on the plain language of the deed of trust, and in accordance with the principle that an assignee receives the full rights of the assignor, LPP Mortgage received the benefit of the deed of trust provisions calling for the application of federal law relating to limitations on debts owed to the SBA. We affirm the judgment of the district court.

*Factual and Procedural Background*

LPP Mortgage is the beneficiary—by assignment—under a deed of trust encumbering real property owned by appellants in Concho County and securing repayment of a certain promissory note of which LPP Mortgage is the holder—also by assignment. When appellants' predecessors in interest originally executed the note and deed of trust at issue in this suit on October 21, 1980, the SBA was the holder of the note and the beneficiary under the deed of trust. On August 3, 2000,

before the note matured, the SBA assigned the note and deed of trust to LPP Mortgage. The note matured pursuant to its terms on October 15, 2000. It was not fully paid.

LPP Mortgage filed suit to collect on the note on November 1, 2001, in Tom Green County (the county of residence of the individuals obligated to pay under the note). The 2001 lawsuit involved claims only with respect to the note. LPP Mortgage did not pursue foreclosure of its lien under the deed of trust, or otherwise place the deed of trust at issue. On October 20, 2003, the district court entered judgment on the promissory note in favor of LPP Mortgage. Under the judgment, LPP Mortgage was entitled to recover the sums due and owing under the terms of the note. A writ of execution was issued on the judgment. However, the writ was returned "Nulla Bona," and the judgment remains unsatisfied.

Pursuant to the terms of the deed of trust, the beneficiary had the right to take possession of or sell the secured property upon the borrower's failure to pay the indebtedness. On February 15, 2007, LPP Mortgage filed this suit for judicial foreclosure of its lien against appellants in Concho County district court, seeking to enforce the deed of trust with respect to the property securing the debt.[1] Following a bench trial, on January 28, 2009, the district court entered judgment in favor of LPP Mortgage, ordering foreclosure of LPP Mortgage's lien. Appellants appeal, alleging error in the district court's denial of their affirmative defenses of res judicata, waiver, and limitations.

---

[1] Appellant Maurice Stephens filed a counterclaim against Harold L. Stephens, a third party, for indemnity. That counterclaim was not subject to final disposition by the district court's judgment and is not at issue in this appeal.

3

*Standard of Review*

Appellants challenge the district court's conclusions of law that LPP Mortgage's right to foreclose the deed of trust is not barred by res judicata, waiver, or limitations. The facts of this case are not disputed. We conduct a de novo review of the district court's legal conclusions. *See Reliance Nat'l Indem. Co. v. Advance'd Temps., Inc.*, 227 S.W.3d 46, 50 (Tex. 2007); *Hackenjos v. Hackenjos*, 204 S.W.3d 906, 908 (Tex. App.—Dallas 2006, no pet.).

*Res Judicata*

Appellants contend that after suing on the promissory note and reducing that claim to judgment, LPP Mortgage was barred by res judicata from pursuing the remedy of foreclosure of the deed of trust lien securing repayment of the note. For res judicata to apply, there must be (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). The doctrine of res judicata seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Id.* Under the doctrine, if a plaintiff prevails in a lawsuit, his cause of action merges into the judgment and the cause of action dissolves. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985). The question, here, is whether LPP Mortgage was required to litigate its claim for judicial foreclosure of its lien as part of its prior suit on the promissory note.

4

It has long been the rule in Texas that "suit may be maintained on a note secured by lien without enforcement of the lien, and after judgment another suit can be brought to foreclose the lien." *Kempner v. Comer*, 11 S.W. 194, 196 (Tex. 1889).

> It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.

*Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935). "[A] creditor can establish liability and thereafter bring a subsequent suit to foreclose his lien." *Lodal & Bain Eng'rs, Inc. v. Bayfield Pub. Util. Dist.*, 583 S.W.2d 653, 654-55 (Tex. Civ. App.—Houston [1st Dist.] 1979), *rev'd on other grounds*, 602 S.W.2d 262 (Tex. 1980).

Appellants argue, however, that this longstanding rule was overruled by the Texas Supreme Court's decision in *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992). In *Barr*, the supreme court "reaffirmed" the transactional approach to res judicata, which relates to what claims could have been litigated in a prior lawsuit. *See* 837 S.W.2d at 631. Under the transactional approach, res judicata may apply if the subsequent suit arises out of the same subject matter as a previous suit and, through the exercise of diligence, could have been litigated in the previous suit. *See id.* A determination of what constitutes the subject matter of a suit requires an examination of the factual basis of the claims without regard to the form of action. *See id.* at 630.

Appellants rely on the principle that "in order to ascertain the entire agreement between contracting parties, separate documents executed at the same time, for the same purpose, and in the course of the same transaction are to be construed together." *See Jim Walter Homes, Inc.*

*v. Schuenemann*, 668 S.W.2d 324, 327 (Tex. 1984). According to appellants, if the note and deed of trust should be construed together based on this principle, it follows that under the transactional approach to res judicata—as set out in *Barr*—a final judgment on the note will bar a subsequent suit to foreclose the lien.

We disagree. The fact that two documents should be viewed together for purposes of construing those documents' terms is not, by itself, sufficient to require all claims under either document to be brought together, particularly given that, here, the two documents create two separate and severable rights held by LPP Mortgage. When a debt is memorialized by a note that is secured by a lien, the note and lien constitute separate obligations. *See Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied); *Whittington v. Whittington*, 853 S.W.2d 193, 195 (Tex. App.—Beaumont 1993, no writ). Such separate obligations may be litigated in separate lawsuits. *See Carter*, 81 S.W.2d at 648. Therefore, the holder of a note and security interest may bring suit and obtain judgment on the note, and—if, as is the case here, the holder did not request foreclosure in that suit, the judgment on the note in the holder's favor is not satisfied, and no provisions of the note or deed of trust contractually alter the parties' remedies—the lien-creditor may later bring suit for judicial foreclosure of the lien.

Our conclusion is consistent with the supreme court's application of the transactional approach to res judicata actually applied in *Barr*. George Barr was one of two partners in a partnership that executed a promissory note, and both partners executed a personal guaranty of the note. *See* 837 S.W.2d at 628. The holder of the note, Sunbelt Federal Savings, filed suit against both the partnership as maker of the note and Barr's partner as guarantor. In a separate suit, Sunbelt

6

sued Barr under the guaranty agreement, but the trial court entered a take-nothing judgment in favor of Barr. *See id.* In response, Sunbelt amended its pleadings in its first lawsuit to assert a claim against Barr in his capacity as partner in the partnership. *See id.* The supreme court held that res judicata barred Sunbelt's attempt to add Barr as a party. *See id.* at 631. The court observed that the note and Barr's guaranty agreement were executed as part of a single transaction. *See id.* However, the court also observed that in both suits Sunbelt sought to hold Barr "primarily liable for payment of the note" and sought "the same amount of damages." *See id.* This is significant. In this case, there is a longstanding rule in Texas that the note and lien constitute separate obligations, and they involve different remedies. Thus, while in its first suit LPP Mortgage sought and obtained a money judgment against those parties obligated on the note, in this suit LPP Mortgage seeks to enforce the deed of trust and obtain the right to judicially foreclose its lien against the property encumbered by the lien.[2] The claims in the two lawsuits in *Barr* were each attempts to reduce a debt to judgment. Here, the claims in the two suits are different, the remedies sought are different, and the parties are different.[3] LPP Mortgage's current suit for judicial foreclosure of a lien cannot be barred by res judicata based solely on a previous suit reducing the debt to a money judgment.

Moreover, we are persuaded by the facts that (1) a state statute can modify the general rule that a party who sues a maker on a note is not precluded under the doctrine of res judicata from pursuing the security by way of foreclosure, *see* Restatement (Third) of Property: Mortgages § 8.2

---

[2] This distinction is highlighted by the fact that the first lawsuit was filed in the county of residence of the makers of the note, Tom Green County, and the current lawsuit was filed in the county in which the real property encumbered by the lien is located, Concho County.

[3] The property at issue had been transferred by the original obligors on the debt.

cmt. a, reporters' note (1997) (identifying six states with "one-action" legislation); and (2) no Texas statute establishes such a one-action rule, *see, e.g.*, Tex. Bus. & Com. Code Ann. § 9.601(a) (West Supp. 2009) (after default, secured party may reduce claim to judgment, foreclose, or otherwise enforce claim or security interest by any available judicial procedure). To hold as appellants argue would be to accomplish by general res judicata principles what would otherwise seem to require specific legislative action.[4] We decline to do so.

We are also persuaded by the policy concerns identified by the United States Bankruptcy Court for the Southern District of Texas in its consideration of this issue. *See In re Gayle*, 189 B.R. 914, 919 (Bankr. S.D. Tex. 1995). If a judgment on the note prevented a suit for foreclosure of a lien securing the debt, debtors would have incentive not to satisfy any judgment in favor of the holder of the note. As a result, creditors would be forced, as a practical matter, to seek foreclosure (whether judicial or non-judicial) prior to or in conjunction with any suit on a promissory note, even when foreclosure is the less desirable remedy for either or both parties. *See id.* In contrast, by permitting the creditor to sue on a note without forfeiting the remedy of foreclosure, our holding preserves the creditor's ability to recover the amounts owed without having to pursue the remedy of foreclosure when such remedy may not be practical or necessary.

We conclude that until the underlying debt is actually satisfied, the recovery of a judgment on the note secured by a deed of trust lien, where foreclosure of the lien has not been sought in that suit, does not merge the deed of trust in the judgment and does not preclude

---

[4] We note that the Restatement of Judgments applies *both* the transactional approach to res judicata, *see* Restatement (Second) of Judgments § 24 (1982), and the general rule that a judgment on a note does not preclude a subsequent suit for foreclosure, *see id.* § 18 cmt. g.

foreclosure on the lien in a subsequent suit instituted for that purpose. The district court did not err in concluding that LPP Mortgage's right to foreclose was not barred by res judicata.[5]

*Waiver*

Appellants contend that the district court erred in concluding that the affirmative defense of waiver did not bar LPP Mortgage's claim for judicial foreclosure. Waiver involves the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). The elements of waiver include (1) an existing right, benefit, or advantage held by a party, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).

In their attempt to show waiver, appellants rely solely on the fact that LPP Mortgage, in its 2001 lawsuit, sued only on the promissory note and did not pursue the remedy of foreclosure under the deed of trust—an available remedy that LPP Mortgage presumably knew existed. However, we have already held that the filing of suit and recovery of a judgment on a note secured by a lien does not preclude foreclosure on the lien in a subsequent suit instituted for that purpose. *See, e.g.*, *Carter*, 81 S.W.2d at 648. Therefore, LPP Mortgage's filing suit on the note in the

---

[5] Appellant Lisa Price cites *Kermacy v. First Unitarian Church of Austin*, 361 S.W.2d 734, 736 (Tex. Civ. App.—Austin 1962, writ ref'd n.r.e.), to argue that the original debt created by the note merged into the judgment and became a new debt and, therefore, the district court's findings of fact referring to the "note" rather than the "note judgment" were error. However, Price does not explain how such references, if error, caused any of the court's conclusions of law to be error, other than by merely restating arguments that we have already addressed.

9

2001 lawsuit was not the relinquishment of its right to foreclose the lien and was not conduct inconsistent with such right.[6] The district court did not err in concluding that LPP Mortgage's claim for judicial foreclosure was not barred by waiver.

***Statute of Limitations***

Appellants contend that LPP Mortgage's suit is barred by limitations and that the district court erred as a matter of law in concluding otherwise. LPP Mortgage concedes that if the Texas statute of limitations applicable to the foreclosure of a real property lien applies, this suit is untimely. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West 2002). However, the note and deed of trust in this case were originally executed in favor of the SBA. *See* 13 C.F.R. § 123.5 (2010) (identifying disaster loans offered by SBA). Federal law prohibits a person who receives any benefit or assistance from the SBA to claim or assert any state law to defeat the obligation incurred in obtaining such benefit or assistance. *See id.* § 101.106(d) (2010). Moreover, federal law provides that there is no limit on the time for the United States, or an officer or agency thereof, to bring an action to establish the title to, or right of possession of, real property. *See* 28 U.S.C. § 2415(c) (2006).

As a general rule, when a federal agency assigns a note and deed of trust to a subsequent holder, the assignee retains the applicable federal law protection against any state statute of limitations. *See Federal Deposit Ins. Corp. v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993); *Jackson v. Thweatt*, 883 S.W.2d 171, 174-75 (Tex. 1994); *see also* Tex. Bus. & Com. Code Ann.

---

[6] In fact, under the principles of res judicata, LPP Mortgage's decision not to pursue the remedy of foreclosure in the 2001 lawsuit *preserved* its right to pursue that remedy in this lawsuit.

§ 3.203(b) (West 2002) (providing, as general rule, that transfer of instrument "vests in the transferee any right of the transferor to enforce the instrument").  Applying this rule, the SBA's assignment to LPP Mortgage of the deed of trust included a transfer of the benefits of both (1) the United States' exemption from state law setting periods of limitation and (2) the absence of a period of limitations for foreclosure actions.  *See LPP Mortgage Ltd. v. Hotaling*, 497 F. Supp. 2d 1217, 1220 (D. Colo. 2007).

Appellants, however, rely on *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001), for the proposition that the SBA's protection against state limitations periods does not inure to a subsequent noteholder's benefit when the SBA transfers the note before it matures and, thus, before a cause of action under the note has accrued.  In *Holy Cross*, upon the failure of a bank, the Federal Deposit Insurance Corporation (FDIC) became the bank's receiver and the holder of a promissory note executed by the appellant church and secured by a deed of trust.  *See* 44 S.W.3d at 565.  The FDIC sold the note to a subsequent holder, who accelerated the note, at which time the holder's cause of action on the note accrued.  *See id.* at 565, 570.  Eventually, the holder of the note foreclosed on the church's property, but not until over four years after the note's acceleration.  *See id.* at 570.  The four-year Texas statute of limitations, if applicable, would have barred the suit. Relying on *Jackson v. Thweatt*, the holder argued that he was entitled to the six-year limitations period under the applicable federal law, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA).  *See id.*  Conversely, the church argued that the holder should not get the benefit of the longer federal limitations period when no cause of action accrued until the FDIC was no longer the noteholder.  *See id.* at 570-71.

11

The supreme court considered the "two justifications" for extending FIRREA's limitations period to FDIC's successors, each of which were relied on in *Jackson*. *See id.* at 573 (citing *Jackson*, 883 S.W.2d at 174). The first justification is that without such extension, the FDIC would be forced to prosecute all notes where limitations has run, because there would be no purchasers of an unenforceable note. *See id.* The court concluded that this justification did not apply when no cause of action has accrued at the time of transfer, because the transferee would have the full four-year period to enforce the note. A significant impact on the note's marketability would not be expected. *See id.* at 574. The second justification identified by the court in *Holy Cross* is the common law principle that an assignee stands in the shoes of his assignor, and thus, an extended limitations period is part of the "bundle of rights" transferred with the note. *See id.* at 573. The court concluded that this justification also did not apply, because FIRREA's six-year limitations period did not attach until a claim accrued. Thus, when the FDIC transfers the note before a claim accrues, the FDIC's right to a six-year limitations period under FIRREA "is never triggered." *See id.* at 574. Without the statute ever applying, the common law rule is never needed to fill in the statutory gap of whether the statute applies to an assignee.

In this case, LPP Mortgage's right to pursue remedies under the deed of trust did not mature or accrue until after LPP Mortgage obtained the note and deed of trust from the SBA. Appellants argue that, as a result, we should construe the federal law governing the SBA's limitations period in the same manner that the supreme court construed FIRREA's limitations provision in *Holy Cross*. According to appellants, as in *Holy Cross*, neither justification

for extending the benefit of the federal limitations period (or lack thereof) should apply in this type of situation.

We agree that the first justification identified in *Holy Cross* may be inapplicable. Declining to extend the SBA's protections from state limitations periods to the transferee of a note held by the SBA would not seem to result in significant market concerns when no cause of action has yet accrued. Once a cause of action accrued, the transferee would have the full four-year period provided for by state law.[7]

However, unlike in *Holy Cross*, the second justification—an assignee stands in the shoes of the assignor—does apply here. Under the FIRREA, which the supreme court was construing in *Holy Cross*, the statute of limitations does not begin to run until the date on which the cause of action accrues. *See id.* at 571 (quoting 12 U.S.C. § 1821(d)(14) (2006)). In contrast, for the SBA, there is neither a federal nor state limitations period applicable to the enforcement of an instrument from the outset. *See* 28 U.S.C. § 2415(c); 13 C.F.R. § 101.106(d). This protection is part of the SBA's "bundle of rights" immediately upon the instrument's execution.

Moreover, the plain language of the deed of trust governs the parties' rights and remedies with respect to limitations. The deed of trust in this case contains the following provision: "In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration (13 C.F.R. 101.1(d)), this instrument is to be construed and enforced in accordance

---

[7] Neither party has identified any federal policy that instruments held by the SBA remain marketable. Whereas the SBA makes its own loans, the FDIC obtains notes from failed banks. One of FIRREA's purposes was to provide funds from public and private sources to deal expeditiously with the failed bank's assets obtained by the FDIC. *See Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994) (citing FIRREA, Pub. L. No. 101-73, § 101(8), 103 Stat. 183, 187 (1989)).

13

with applicable Federal law." This provision does not require that the SBA be the party attempting to enforce the instrument for federal law to apply.[8] *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) ("If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law."). The federal regulation referenced by the provision included the following:

> Any person, corporation or organization that applies for and receives any benefit or assistance from SBA, or that offers any assurance or security upon which SBA relies for the granting of such benefit or assistance, shall not be entitled to claim or assert any local immunity to defeat the obligation such party incurred in obtaining or assuring such Federal benefit or assistance.

31 Fed. Reg. 10,466 (Aug. 4, 1966) (codified at former 13 C.F.R. § 101.1(d)(4)).[9] This prohibition against a person relying on a state statute of limitations to defeat any obligation incurred in obtaining the SBA's assistance is not made contingent on the SBA remaining the holder of the applicable instrument. Under the plain language of the regulation, state limitations law is to be disregarded with respect to enforcement of this particular deed of trust. Thus, appellants cannot rely on a Texas statute of limitations to defeat the right of the holder of the lien—whether the SBA or an assignee—to judicially foreclose.

Based on the plain language of the deed of trust and the cited federal regulation, and in accordance with the principle that an assignee receives the full rights of the assignor, we hold that

---

[8] In contrast, the promissory note states that "this instrument is to be construed and (when SBA is the Holder or a party in interest) enforced in accordance with applicable Federal law."

[9] In 1996, the provisions of 13 C.F.R. section 101.1(d) were modified and moved to their current location at 13 C.F.R. section 101.106. *See* 60 Fed. Reg. 57,965, 57,966 (Nov. 24, 1995), *adopted* 61 Fed. Reg. 2394, 2395-96 (Jan. 26, 1996).

LPP Mortgage received the benefit of the SBA's protection from state statutes of limitations. Therefore, the district court did not err in concluding that LPP Mortgage's right to foreclose is not barred by limitations.

### *Conclusion*

Appellants have failed to establish that LPP Mortgage's right to judicially foreclose its lien is barred by res judicata, waiver, or limitations. Having overruled each of appellants' points on appeal, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson

Affirmed

Filed: July 1, 2010