**Opinion filed January 9, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00024-CV
_____

## JANOS FARKAS, Appellant
## V.
## MORTGAGE ELECTRONIC REGISTRATION
## SYSTEMS, INC. ET AL., Appellees

**On Appeal from the 26th District Court**

**Williamson County, Texas**

**Trial Court Cause No. 11-070-C26**

### M E M O R A N D U M   O P I N I O N

Janos Farkas brought a declaratory judgment action against Mortgage Electronic Registration Systems, Inc., as Nominee for Lender and Lender's Successors and Assigns; Wells Fargo Home Mortgage; Wells Fargo Bank, N.A.; David Seybold; Stephen C. Porter; and Ryan Bourgeois (Appellees). Farkas brought the suit in connection with an attempted real estate foreclosure. The trial court dismissed Farkas's claims against the individual appellees and granted

summary judgment in favor of the other appellees; this appeal followed. Because we conclude that the summary judgment evidence established Wells Fargo Bank, N.A.'s right to foreclose and because we believe that the trial court was correct when it dismissed Farkas's claims against the individual appellees, we affirm.

Farkas purchased real property and improvements, a duplex, at 10400 A & B Burmaster Lane in Austin. To facilitate the purchase, Farkas borrowed $134,100 from Jefferson Mortgage Services, Inc. Farkas's attorney-in-fact executed a promissory note on Farkas's behalf. The note was secured by a deed of trust on the property. Both the note and the deed of trust identified Jefferson Mortgage Services, Inc. as the "Lender." The deed of trust also identified Mortgage Electronic Registration Systems[1] (MERS)—the nominee for the lender (Jefferson Mortgage Services) and its successors and assigns—as beneficiary under the deed of trust. The deed of trust specified that MERS had the right to exercise any or all of the powers that Farkas granted in the deed of trust, including the rights to foreclose and sell the property and to exercise any other right granted to the lender in the deed of trust.

MERS later assigned Farkas's note and the lien securing it to Wells Fargo Bank, N.A. and recorded the assignment in the Williamson County real property records. The assignment identified MERS ("AS NOMINEE FOR LENDER AND

---

[1] A federal judicial panel on multidistrict litigation gave the following explanation of how the MERS system purportedly operates:

> When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns). In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer. As long as the parties involved in the sale are MERS members, MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note.

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 n.6 (J.P.M.L. 2009).

LENDER[']S SUCCESSORS AND ASSIGNS") as the assignor and Wells Fargo Bank, N.A. as the assignee.

Although Farkas initially made payments to Wells Fargo, he ultimately quit making payments and defaulted on his loan. Wells Fargo initiated nonjudicial foreclosure proceedings under the terms of the deed of trust and in compliance with the Property Code. *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2013) (authorizing sale after default under authority granted in the deed of trust). Farkas responded by filing this lawsuit in which he challenged Wells Fargo's right to foreclose. In addition to naming Wells Fargo as a defendant, Farkas also included MERS, "as nominee," as well as the attorneys hired by Wells Fargo to foreclose on the property.

Farkas admitted that he owed the debt and that he had quit making payments on it. He explained that, in "essence," the case turned on "whether Wells Fargo has the right to collect on this loan and whether Wells Fargo has the right to enforce the loan." The trial court initially granted Farkas a temporary restraining order to halt a proposed foreclosure sale, but the court later declined to issue a temporary injunction and also dissolved the temporary restraining order. Nevertheless, there had been no foreclosure of the deed of trust lien at the time of trial.

Wells Fargo and MERS filed traditional motions for summary judgment. Seybold, Porter, and Bourgeois filed a motion to dismiss, claiming that they were not liable for the documents that they had executed and filed because they had each been acting in their representative capacity. Farkas filed a motion in opposition to summary judgment and a cross-motion for partial summary judgment in which he argued that Wells Fargo was not the holder of the note, the assignee, or the servicer; that he had not been notified by Jefferson Mortgage Services that he was to make payments to Wells Fargo; and that, because Wells Fargo was not authorized

to foreclose, it "generated and used fraudulent documents to claim interest in [Farkas's] property."

After the hearing on the various motions, the trial court granted summary judgment in favor of Wells Fargo and MERS and denied Farkas's cross-motion for partial summary judgment. The trial court also ordered that the claims against Seybold, Porter, and Bourgeois be dismissed with prejudice. Farkas, acting pro se, appeals each of these rulings by the trial court.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In reviewing a traditional summary judgment, we consider the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant "unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We resolve doubts in favor of the nonmovant and indulge reasonable inferences. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

The summary judgment evidence must show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c). A plaintiff is entitled to summary judgment on a cause of action when he conclusively proves each essential element of the claim. *See* TEX. R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Summary judgment in favor of a defendant is proper only when the defendant negates at least one element of the plaintiff's cause of action. *See* TEX. R. CIV. P. 166a(c); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

In his first two issues, Farkas argues that Wells Fargo is not the servicer or the mortgagee. In Issues Three and Four, he contends that, therefore, Wells Fargo

was not entitled to enforce either the deed of trust or the note. Farkas contends that summary judgment was improper because Wells Fargo lacked authority to foreclose on his property.

If Wells Fargo was the mortgagee, then it was entitled to exercise the powers that Farkas granted in the deed of trust. The Property Code authorizes a mortgagee to sell real property under a "power of sale conferred by a deed of trust." PROP. § 51.002. The statutory definition of a mortgagee includes: (1) the grantee, beneficiary, owner, or holder of a security instrument; (2) a book entry system, which acts as a nominee for the grantee, beneficiary, owner, or holder of a security instrument and its successors and assigns; and (3) the last person to whom the security interest has been assigned of record. *See id.* § 51.0001(1), (4).

Here, the summary judgment evidence shows that Wells Fargo was the last person to whom the instrument had been assigned. According to the terms of the deed of trust, MERS was the beneficiary and the nominee for the lender (Jefferson Mortgage Services) and its successors and assignees. Thus, MERS was a mortgagee as defined in the Property Code. When MERS executed the assignment to Wells Fargo Bank, N.A. on December 1, 2009, Wells Fargo obtained all of MERS's rights and interest in the deed of trust (originating from the lender, Jefferson Mortgage Services), including the "right to foreclose and sell the Property." *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied).

Farkas contends that Wells Fargo is not the mortgagee because "[t]he purported assignment of the Deed of Trust is ineffective to transfer the security interest to Wells Fargo as a matter of law" because "Wells Fargo does not hold the subject debt." Essentially, Farkas argues that Wells Fargo was not the holder of the note and, thus, could not exercise the powers granted by him under the deed of

5

trust. Farkas seems to conflate the foreclosure with enforcing the note against the borrower.

A lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of whether the creditor pursues personal action against the borrower to collect under the note. *See Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied). As a federal district court applying Texas law has explained:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the note, on the other hand, is a personal action against the signatory and requires a judicial proceeding (citations omitted).

*Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). Because Wells Fargo was the mortgagee by statute, it was entitled to enforce the deed of trust and, thus, begin nonjudicial foreclosure proceedings. Farkas's second and third issues are overruled. Because Wells Fargo was authorized to enforce the deed of trust, we need not address the fourth issue: whether Wells Fargo was entitled to enforce the note. Similarly, for the same reason, we need not address Farkas's first issue regarding the servicing rights to the loan under the note.

In his seventh issue on appeal, Farkas claims that the trial court erred when it granted summary judgment. Because we have held that the trial court did not err when it entered the summary judgment, we overrule Farkas's seventh issue.

Farkas also challenges the trial court's ruling in favor of Wells Fargo on his fraudulent documents claim. In his fifth issue, Farkas argues that Wells Fargo "executed and recorded without authority and fraudulently four Notices of Substitute Trustee Sales and three Appointments of Substitute Trustees."

Similarly, Farkas contends in his sixth issue that filing two assignments constitutes a fraudulent claim. In its cross-motion for summary judgment, Farkas argued that Wells Fargo's filing of these documents was fraudulent because Wells Fargo did not have authority to foreclose on the property because it was not a mortgage servicer within the meaning of Section 51.0025 of the Property Code. However, as discussed above, as mortgagee, Wells Fargo was authorized to sell the real property under the terms of the deed of trust. Therefore, the trial court did not err when it denied Farkas's cross-motion for summary judgment. Farkas's fifth and sixth issues are overruled.

In his eighth and final issue, Farkas challenges the trial court's order in which it dismissed the claims with prejudice against Seybold, Porter, and Bourgeois.

We "treat a pretrial dismissal with prejudice as a summary judgment because such dismissal has the same effect as entry of a take-nothing judgment." *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354–55 (Tex. App.—San Antonio 1999, pet. denied) (citing *Walker v. Sharpe*, 807 S.W.2d 442, 446–47, n.2 (Tex. App.—Corpus Christi 1991, no writ)). Under these circumstances, we apply the summary judgment standards and determine whether there was a genuine issue as to any material fact and whether the movant was entitled to judgment as a matter of law. *See id.*; Tex. R. Civ. P. 166a.

Farkas argues that the attorney-defendants prepared, made, or used "documents that falsely claim an interest in real or personal property" and that they "cannot expect to shield their willful and fraudulent actions from liability simply on the ground that they are agents of the other defendants." Farkas's claim stems from the fact that Seybold executed an assignment on behalf of Wells Fargo, that Porter signed a Notice of Substitute Trustee Sale on behalf of Wells Fargo, and that Bourgeois corresponded on behalf of Wells Fargo in relation to this lawsuit. Wells

Fargo and MERS contend that Farkas's "'fraudulent document' claim against Wells Fargo is premised on an assertion that Wells Fargo lacked authority to foreclose, and, therefore, the notices of substitute trustee sales were 'recorded without authority.'" They argue that, "[b]ecause Wells Fargo is entitled to foreclose in either capacity, the notices of substitute trustee sales were not 'fraudulent.'" We agree. Farkas's eighth issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


January 9, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

8