**Opinion issued January 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00737-CV

————————————

## CRYOGENIC VESSEL ALTERNATIVES, INC., Appellant

## V.

## LILY AND YVETTE CONSTRUCTION, LLC, Appellee

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case No. CV-27397-A**

---

## MEMORANDUM OPINION

Plaintiff-appellee Lily & Yvette Construction, LLC (Lily) sued defendant-appellant Cryogenic Vessel Alternatives, Inc. (CVA) and defendant Crestmont Construction, asserting claims for breach of contract, fraud, fraud in the inducement, and unjust enrichment. After the trial court severed a partial summary

judgment in Lily's favor against CVA, CVA appealed. Because we conclude that there is not yet a final and appealable judgment, we dismiss the appeal.

## BACKGROUND

Lily, a subcontractor hired by general contractor Crestmont, alleged that it had not been paid for construction work it performed on CVA's property and sought damages and foreclosure of a lien on the property to satisfy the $82,700.00 remaining debt and attorneys' fees. CVA disputed the validity of the lien and counterclaimed, seeking to invalidate the lien and attorneys' fees. On cross-motions for summary judgment, on May 30, 2013, the trial court denied CVA's motion seeking removal of the lien and granted summary judgment in Lily's favor, awarding Lily $82,700.00 in damages, as well as prejudgment interest and attorneys' fees.

On July 12, 2013, Lily dismissed its non-lien related claims against CVA, and all of its claims against Crestmont. Later that same day, the trial court severed the summary judgment against CVA into a new cause, and left pending in the original cause a cross-claim claim between CVA and Crestmont.

## JURISDICTION

The cause number of the original suit was CV-27397. The severed cause number, containing the summary judgment in Lily's favor against CVA, was CV-27397-A. On July 31, 2013, CVA filed a motion for reconsideration of the

2

summary judgment and motion for new trial in the original cause number, CV-27397. That same day, July 31, 2013, and in the severed cause, Lily filed a Motion to Foreclose, Order Sale, and Issue Writ of Possession. CVA did not file any post-judgment motions in the severed cause, CV-27397-A, until August 28, 2013, when it filed a Motion for Protection regarding post-judgment discovery.

On August 26, 2013—45 days after the severance order—CVA filed a notice of appeal in the severed cause CV-27397-A, stating it was appealing the summary judgment "signed on May 30, 2013 and potentially made final and appealable by the Severance order signed on July 12, 2013." That same day, CVA filed a motion for extension of time in the appellant court, stating, in its entirety:

> Appellant Cryogenic Vessel Alternatives, Inc. ("CVA") files this motion seeking an extension of time, until August 26, 2013, to file its Notice of Appeal. CVA believes its Notice of Appeal, filed today in the trial court (and attached hereto), is timely but files this motion out of an abundance of caution.

On September 12, 2013, Lily filed a Notice of Inadvertent Filing in Incomplete Cause Number stating that it inadvertently filed its motion for reconsideration and new trial in CV-29397 rather than CV-29397-A.

## A. Parties' Arguments

Lily filed a motion to dismiss CVA's appeal, arguing that—under *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985)—CVA's filing its post-trial motions in the original cause, i.e., CV 27397, failed to extend plenary power. Moreover, Lily

argued, CVA did not meet the requirements for a 15-day extension of time because it (1) did not file a notice of appeal in the trial court, and (2) did not, in its motion for extension of time, state "the facts relied on to reasonably explain the need for an extension." TEX. R. APP. P. 10.5(b), 26.3.

CVA responded to Lily's motion to dismiss, arguing that (1) there is no final judgment in this matter, so the notice of appeal was early, not late, (2) even if the July 12, 2013 severance order resulted in a final judgment, CVA timely filed a motion for new trial that extended plenary power even though it was filed in the wrong cause number, and (3) even if the motion for new trial did not effectively extend the appellate deadlines, the notice of appeal and the unopposed motion for extension of time to file the notice of appeal complied with the requirements for securing a 15-day extension.

## B.    Is there a Final Judgment?

Lily's petition seeks from CVA both a money judgment and foreclosure of a lien to satisfy the amounts that Crestmont did not pay Lily for work on CVA's property.  Lily's summary judgment motion "ask[s] th[e] Court to rule in favor of Plaintiff on its cause of action as no issue of fact exists and Plaintiff is due a judgment in its favor as a matter of law."  Lily's motion cited section 53.083 of the Texas Property Code as the statutory basis for summary judgment, which sets forth

4

circumstances in which a property owner is liable for unpaid amounts due subcontractors:

§ 53.083. Payment to Claimant on Demand

(a) The claimant may make written demand for payment of the claim to an owner authorized to withhold funds under this subchapter. The demand must give notice to the owner that all or part of the claim has accrued under Section 53.053 or is past due according to the agreement between the parties.

(b) The claimant must send a copy of the demand to the original contractor. The original contractor may give the owner written notice that the contractor intends to dispute the claim. The original contractor must give the notice not later than the 30th day after the day he receives the copy of the demand. If the original contractor does not give the owner timely notice, he is considered to have assented to the demand and the owner shall pay the claim.

(c) The claimant's demand may accompany the original notice of nonpayment or of a past-due claim and may be stamped or written in legible form on the face of the notice.

(d) Unless the lien has been secured, the demand may not be made after expiration of the time within which the claimant may secure the lien for the claim.

Lily's motion for summary judgment also argues that Lily complied with the statutory requirements for perfecting a lien under section 53.052 of the Texas Property Code:

(a) Except as provided by Subsection (b), the person claiming the lien must file an affidavit with the county clerk of the county in which the property is located or into which the railroad extends not later than the 15th day of the fourth calendar month after the day on which the indebtedness accrues.

(b) A person claiming a lien arising from a residential construction project must file an affidavit with the county clerk of the county in

which the property is located not later than the 15th day of the third calendar month after the day on which the indebtedness accrues.

"Foreclosure" is not mentioned in Lily's motion for summary judgment, which requests "summary judgment in the amount of $82,700 for unpaid work done on Cryogenics property; pre-judgment interest in the amount of $19,848.00; and reasonable and necessary attorney's fees in the amount of $13,364."

The trial court's May 30, 2013, order granting summary judgment likewise does not mention foreclosure, stating only that Lily is awarded "interlocutory summary judgment against Defendant Cryogenic Vessel Alternatives and is awarded" $82,700.00 in damages, as well as prejudgment interest and attorneys' fees.

On July 12, 2013, Lily dismissed its remaining claims "that have not been adjudicated by the Court, namely Plaintiff's causes of action for Breach of Contract, Fraud, Fraud in the Inducement, and Unjust Enrichment." According to Lily's notice of nonsuit, the "only remaining cause of action in this suit is the Foreclosure action on the lien that the Court has ruled is valid in its prior summary judgment ruling."

Lily's July 2, 2013, motion to sever is the first time that Lily characterized its claim on which the trial court granted summary judgment as a "lien foreclosure claim." According to Lily's severance motion, the trial court had already granted judgment on "the lien validity," and, as such, "there is no more relief for [Lily] to

6

obtain." Lily thus requested that the trial court "sever said claim so it can proceed to collection of the judgment and/or foreclosure on the lien." The trial court's order granting Lily's motion for severance states that it "GRANTS the motion to sever, severs the lien foreclosure claim against Cryogenic Vessel Alternative, Inc. and orders the clerk to assign the severed action the separate cause number of CV-27397A."

In Lily's July 31, 2013 Motion to Foreclose, Order Sale, and Issue Writ of Possession, it asserted that after the trial court's July 12, 2013 severance, "there were no remaining causes of action in Plaintiff's case" such that the trial court's summary judgments in its favor were final. That motion states,

> By the authority vested in the Court pursuant to Section 53.154 of the Texas Property Code, Plaintiff now asks the Court to declare that its prior orders, now a final judgment, are sufficient for a judicial foreclosure of the Plaintiff's lien on Defendant Cryogenic's property known as 1301 Transport Drive, Baytown, Texas 77523. Plaintiff moves that this property be ordered sold, and order the clerk to issue a writ of possession. This will enable the Plaintiff to sale [sic] the property. Plaintiff also asks the Court to award it costs of suit, the reasonable and necessary attorney's fee to bring this, See Exhibit A, and such other and further relief to which the Plaintiff may be justly entitled.

The trial court has not ruled on this motion.

Because foreclosure was pleaded in Lily's petition but not requested in Lily's summary-judgment, and because Lily's post-summary-judgment request for an order of foreclosure has not been ruled upon, CVA argues here in response to

7

Lily's motion to dismiss CVA's appeal that there is not yet a final, appealable judgment. Lily replies that it "agrees that the foreclosure matter was never decided by the trial court," but asserts "that argument is only fruitful if the foreclosure was a separate cause of action." Because "courts describe foreclosure as a remedy not a cause of action or claim," Lily argues that the trial court's "severance created a final judgment when it disposed of all parties and claims."

We agree with CVA that we lack jurisdiction because there is not yet a final, appealable judgment. When there has been no conventional trial on the merits, as here, we do not presume that a judgment is final. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001). An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it unequivocally states that it finally disposes of all claims and all parties." *Id*. at 200. Neither the summary judgment nor severance order here contained finality language, or any other "clear indication that the trial court intended the order to completely dispose of the entire case." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 870 (Tex. App.—Dallas 2014, no pet.).

Absent such finality language, the rule that applies is that a "judgment is final for the purpose of appeal 'if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.'" *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014) (citing *Lehmann v. Har-Con Corp.*, 39

S.W.3d at 195). Thus, contrary to Lily's argument, the relevant question is not whether foreclosure is a "claim" or a "remedy"; rather, the question is whether there is an unresolved claim for relief in the record that cannot be characterized as merely "necessary to carry out the decree."

A subcontractor's suit against a property owner to recover damages for unpaid work and a suit seeking foreclosure of the owner's property to satisfy that debt are not mutually exclusive. *Cf. Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 747–48 (Tex. App.—Austin 2010, pet. denied) (holding that suit on a note secured by a deed of trust brought to recover money damages does not bar later suit to foreclose on property when money judgment is uncollected). Here, Lily requested foreclosure in its petition. Lily's lien cannot be foreclosed without a trial court judgment foreclosing the lien and ordering that CVA's property be sold. *See* TEX. PROP. CODE § 53.154 ("A mechanic's lien may be foreclosed only on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of the property subject to the lien."). There is no order or judgment by the trial court foreclosing Lily's lien and ordering the property sold.

Lily's foreclosure request cannot be fairly characterized as relief merely "necessary to carry out the decree," as foreclosure is not an automatic remedy flowing from a valid lien. While a valid lien is a necessary predicate to foreclosure, there are barriers to a foreclosure action even when a valid lien exists.

*See generally Mortgage & Trust, Inc. v. Bonner & Co.*, 572 S.W.2d 344, 351–52 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (holding it was error to grant foreclosure on mechanic's and materialman's lien because prior, superior liens on property existed).

## CONCLUSION

Because the summary judgment order CVA appeals from here is not final and appealable, we dismiss the appeal. All pending motions are dismissed as moot.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.