# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10314

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

NITA PAGE, As Adminstratrix The Estate of Jacob Woullard, Deceased,

      Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, N.A.,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-407

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM:*

Nita Page, as administratrix of the estate of Jacob Woullard ("the estate"), brought suit against JP Morgan Chase Bank, alleging various Texas state law claims. The estate appeals the district court's dismissal of its breach of contract, Texas Debt Collection Act ("TDCA"), and negligent misrepresentation claims. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10314

FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Jacob Woullard executed a note payable to JP Morgan Chase in the principal amount of $219,663. The funds enabled him to purchase property located in Fort Worth, Texas. The note was secured by a deed of trust, which identified JP Morgan Chase as the lender. Woullard died intestate in May 2009, and Page became the administratrix of his estate.

In its complaint, the estate alleges that Page began communicating with JP Morgan Chase about the loan in early 2009, prior to Woullard's death. Over time, Page allegedly dealt with the bank on her own behalf regarding assumption of the loan, and on behalf of the estate regarding a loan modification.

Page allegedly first contacted JP Morgan Chase in January 2009, prior to Woullard's death, to obtain information about assuming Woullard's loan. In June, Page received a letter from the bank responding to her inquiry about the loan-assumption process. On July 13, Page received a letter notifying her that Woullard's name had been removed from the account due to his death. Ten days later, Page received another letter informing her that the inquiry was still under review. The following day, she received a letter stating that JP Morgan Chase was unable to remove Woullard's name completely from the account. The loan had instead been placed in the name of "The Estate of Jacob Woullard." In September 2011, Page and her husband sent the bank several letters requesting permission to purchase the property from Woullard's widow. The complaint does not state whether JP Morgan Chase ever responded to these inquiries.

Page also began communicating with JP Morgan Chase on behalf of the estate in early 2009 after the estate fell behind on loan payments, seeking to modify the loan. On April 20, Page sent the bank a letter regarding a $14,434.50 shortage in the escrow balance. The complaint alleges that the

escrow shortage was a result of an increased tax payment made by JP Morgan Chase in November 2008. Page requested in the April letter that the shortage be amortized over 36 months instead of 12 months. She sent the same letter in June 2009 because the bank denied receiving the letter. Also in June, the JP Morgan Chase Collections Department allegedly authorized a regular monthly payment of $1,597. When Page attempted to make a payment in that amount in August, JP Morgan Chase refused to accept it. Instead, it placed the payment in a "Suspense Fund Account" and notified her that the new monthly payment would be $3,401.85 to recoup the escrow shortage.

In September 2009, Page again contacted JP Morgan Chase to request that the escrow shortage be spread over 24 or 36 months "to accommodate her current living expenses." In May 2010, Page reiterated the request. In February 2011, Page received a letter from the bank's foreclosure counsel indicating that the accelerated balance was $250,580.76. Another letter received that same day indicated that the amount due was $25,239.68.

The estate received notice in March 2013 that foreclosure on the property would occur on May 7, 2013. The estate filed this suit on May 3, 2013 to delay the foreclosure. The estate alleged breach and anticipatory breach of contract, unreasonable collection efforts, violations of the TDCA, negligent misrepresentation, and unjust enrichment.

JP Morgan Chase removed the case to the United States District Court for the Northern District of Texas. The estate was granted leave to file an amended complaint. After the amended complaint was filed, JP Morgan Chase filed a motion to dismiss. The motion was granted in November 2013. On appeal, the estate challenges the district court's dismissal of its breach of contract, TDCA, and negligent misrepresentation claims.

No. 14-10314

DISCUSSION

We review the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) *de novo. In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the well-pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the motion to dismiss stage, a court may only consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (citation and quotation marks omitted).

## I. Breach of Contract

The estate makes two breach of contract arguments: (1) JP Morgan Chase breached the governing law provision found in paragraph 16 of the deed of trust, and (2) the bank waived the right to accelerate and foreclose on the mortgage.

Under Texas law, the elements of a breach of contract claim are: "(1) a valid contract, (2) the plaintiff performed or tendered performance[,] (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach." *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 713 (Tex. App.–Corpus Christi/Edinburg 2006, pet. denied).

4

A. Provision on Governing Law

The estate argues that JP Morgan Chase breached paragraph 16 of the deed of trust.  That paragraph provides:

> 16. Governing Law; Severability; Rules of Construction.  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.  In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision . . . .

In the complaint, the estate alleged that "[b]ecause paragraph 16 of the deed of trust requires that the instrument comply with federal and state law, any violations of state law, including the Texas Property Code, and federal law, are also breaches of the Deed of Trust contract."  The district court dismissed this claim, explaining that paragraph 16 "merely sets forth the law that governs the parties' deed of trust" and does not, as the estate asserts, make all violations of state or federal law breaches of contract.

Though this court has not addressed such a claim, it is clear that paragraph 16 identifies the law that governs the parties' agreement but does not provide that violation of any such law is a breach of contract.  Regardless, the estate has not identified which laws were violated or how it sustained damages.  Both are necessary elements of a breach of contract claim.  *See Doss*, 210 S.W.3d at 713.

B. Waiver

The estate next argues that JP Morgan Chase's attempt to foreclose constituted a breach of contract because the bank waived the right to

accelerate and foreclose by accepting the estate's $1,597 payment in June 2009. The district court held that the waiver argument was precluded by the estate's failure to show an intentional relinquishment of the right to foreclose, andthe unambiguous anti-waiver provisions in the note and deed of trust.

"Waiver involves the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 748 (Tex. App.–Austin 2010, pet. denied). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* at 748–49. Under Texas law, "[w]aiver is largely a matter of intent." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). Waiver requires either a party's actual intent to relinquish a known right or intentional conduct inconsistent with the right. *Stephens*, 316 S.W.3d at 749. The necessary intent may be implied, but "for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan*, 111 S.W.3d at 156.

The estate has not alleged conduct that clearly demonstrates an intent to waive the right to accelerate and foreclose. This is particularly true in light of the anti-waiver provisions in the note and deed of trust. Another panel of the court dealt with a similar argument that a creditor had waived the right to foreclose by accepting payments following default. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012). Applying Texas law, the court relied on the anti-waiver provisions in both the promissory note and the repayment plan to reject the argument. *Id.* The court also held that the plaintiffs failed to establish that the defendants manifested an actual intent to relinquish their rights. *Id.* In another appeal, the court recently applied Texas law to hold that the defendant's alleged conduct did "not suffice to show an

intentional waiver by the lender, especially in the face of the deed of trust's anti-waiver provision." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013).  We find the reasoning in both of these unpublished opinions to be persuasive.

The anti-waiver provisions in the note and deed of trust create a presumption that JP Morgan Chase did not intend to relinquish the right to foreclose.  This conclusion is consistent with Texas state court decisions, which have held that a non-waiver clause provides persuasive evidence that a party did not intend to relinquish a known right.  *See Straus v. Kirby Court Corp.*, 909 S.W.2d 105, 109 (Tex. App.–Houston [14th Dist.] 1995, pet. denied).

The estate devotes significant attention to its argument that the district court erred in relying on the non-waiver clause.  In a non-precedential decision, this court determined that a bank's anti-waiver clause was waived by the bank's repeated intentional conduct over the course of several years.  *U.S. Bank, Nat. Ass'n v. Kobernick*, 454 F. App'x 307, 315 (5th Cir. 2011).  We explained that the bank could not rely on the anti-waiver provision when it had intentionally refunded the borrower's tax escrow payments for such a lengthy period of time.  *Id.*  Even were it binding, *Kobernick* would not compel a finding of waiver here.  Unlike the long-term inconsistent actions in *Kobernick*, JP Morgan Chase allegedly accepted only one partial payment following default.  There is not allegation of conduct here that manifests an intentional relinquishment of the right to foreclose.

## II. Texas Debt Collection Act

The estate next argues that JP Morgan Chase violated the TDCA.  In its complaint, the estate alleged that the bank violated the TDCA by (1) using a deceptive means to collect a debt in violation of Section 392.304(a)(19) of the Texas Finance Code; (2) attempting to collect charges incidental to the

obligation in violation of Section 392.303(a)(2) of the Texas Finance Code; and (3) foreclosing when the law prohibits it in violation of Section 392.301(a)(8) of the Texas Finance Code.  In support of its claims, the estate alleged the bank

> imposed unauthorized charges, such as penalties on Plaintiff's mortgage account thus using a deceptive means to collect a debt and attempting to collect incidental charges because Defendant should not have declared Plaintiff in default.  Defendant forced Plaintiff to incur additional penalties as they waited to hear from Defendant about a solution. These accumulated to such an amount that Plaintiff's home was forced into foreclosure.  These charges were unauthorized and attempting to collect them violated the Texas Finance Code.  Additionally, this conduct was deceptive.

The district court dismissed the estate's TDCA claims, explaining that the estate admitted that the note was in default.  Therefore, the estate failed to allege any facts suggesting that any of the charges made to its account were not authorized by the loan documents as a result of the default.

The estate does not dispute the district court's conclusion regarding unauthorized charges.  Instead, it asserts that the district court ignored allegations its additional contentions that JP Morgan Chase foreclosed on the property after telling Page it would not, and did so while Page was disputing the amount owed, in violation of Section 392.301(a)(8); told Page that if the estate made payments of $1,597.00 per month, it would be eligible for a loan modification, thus violating Section 392.304(a)(19); and violated Section 392.304(a)(8) by representing to Page that she needed to submit certain documents for a loan modification – then denied receiving the documents after she submitted them.

The conduct alleged in the complaint only relates to unauthorized charges.  The three allegations that the estate raises on appeal were never mentioned in the complaint and appear in the record for the first time in the estate's response to the bank's motion to dismiss.  Accordingly, the district

court correctly concluded that the allegations in the complaint were limited to unauthorized charges.

The estate does not argue the district court erred in holding the estate failed to allege any facts suggesting that charges made to the account were not authorized by the loan documents as a result of the default. Therefore, we do not consider the estate's TDCA claims any further.

## III. Negligent Misrepresentation

Finally, the estate argues that the district court erred in dismissing its negligent misrepresentation claim. To state a claim for negligent misrepresentation, a plaintiff must allege: "(1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 965 (Tex. App.–Dallas 2013, no pet.) (citation omitted).

In its complaint, the estate alleged that JP Morgan Chase misrepresented the status of the loan and the loan modification process. The estate specifically alleged:

> Here, Defendant represented, numerous times, an inaccurate assessment of Plaintiffs' account. Plaintiff trusted Defendant's specialists, to guide them through this process. Defendant misrepresented the loan modification process. Plaintiff justifiably relied on these representations, and as a result, Plaintiff sustained damages, including but not limited to court costs, economic damages, and damages for mental anguish and emotional distress.

The district court dismissed the claim, explaining that the estate failed to "identify any specific misrepresentation or explain how such representation was false." The court further held that the estate's claim was precluded by the economic-loss rule.

The estate now claims that the district court erred in holding that it failed to identify any specific misrepresentation. It contends that the complaint alleged that JP Morgan Chase contacted Page and offered an assumption program to prevent foreclosure, told her the estate would be eligible for a loan modification if it made payments of $1,597 per month, and denied having received the estate's documentation for a loan modification. JP Morgan Chase asserts that the estate is improperly relying on allegations that were not contained in the complaint, and that only appeared in the response to the motion to dismiss and in the estate's appellate brief.

JP Morgan Chase is correct that these allegations were not in the complaint. The estate never alleged that the bank offered the assumption program as a means of preventing foreclosure or said that it would be eligible for a loan modification by making a reduced payment. Instead, it merely alleged that the estate repeatedly requested such accommodations; it did not allege the bank ever responded or accepted.

Even had the estate pled the allegations that it raises on appeal, they each concern a promise of future action. Under Texas law, "the misrepresentation at issue [in a negligent misrepresentation case] must be one of existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.–Tyler 2005, pet. denied). "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *Id.*

AFFIRMED.